## Case No. 12,993.

### In re SMITH.

[1 N. Y. Leg. Obs. 249; 5 Law Rep. 372.]

District Court, S. D. New York.   Jan., 1843.

BANKRUPTCY — INJUNCTION — ATTEMPT TO EMBEZ-
ZLE ESTATE.

1. Where it appears that there is a covenous contrivance between the bankrupt and other parties to embezzle the estate for the benefit of the bankrupt or his preferred creditors, the court will interpose by injunction, upon adequate security being given to cover all probable losses.

2. A party is to be regarded to certain purposes a bankrupt from the time the application is presented to the court, and the decree, when rendered, will retrospect, so as to act upon his estate and rights as they existed when the bankruptcy occurred.

This was a petition upon the footing of an order to show cause in case of involuntary bankruptcy, and that the bankrupt [John Harper Smith] had secretly and fraudulently transferred his goods, etc., by covenous ingenuity with Smith and Miller, and praying an injunction against all.

P. Clark, for creditors.

H. P. Barker, for bankrupt.

## Case No. 12,994.

### In re SMITH.

[1 N. Y. Leg. Obs. 291.]

District Court, S. D. New York.   1843.

COURTS—INJUNCTION—BANKRUPTCY.

The United States circuit and district courts can exercise the power of granting injunctions in cases in bankruptcy ex parte, and without notice to the adverse party or his attorney.
[Cited in Re Muller, Case No. 9,912; Re Providence & N. Y. Steamship Co., Id. 11,451.]
[Cited in Hill Manuf'g Co. v. Providence & N. Y. Steamship Co., 113 Mass. 501.]

[In the matter of John Harper Smith, a bankrupt.]

This was an application to dissolve an injunction [granted in Case No. 12,993].

H. P. Barber, for bankrupt.
P. Clark, for creditors.
Cur. ad vult.

BETTS, District Judge.   On the 22d day of September, Jacob Tweedy moved the court to set aside the injunction issued in this case, and served on him on the 16th of August preceding.   His motion was rested on the ground that an injunction was granted on the ex parte application of creditors, and without notice to him.   The counsel contended that by the act of congress of March 2, 1793, an injunction cannot be granted in any case by the supreme or circuit court, or any judge of those courts, without previous reasonable notice to the adverse party or his attorney; and that the act of February 13, 1807, in extending the power to the district judges, gave it also the same limitation.   It would meet this branch of the argument with a sufficient answer to observe that the act of 1807 does not give the power to the district court, but constitutes the district judge an injunction master, as it were, in a certain class of cases, and in a qualified manner.   When full equity powers are given to the court in bankruptcy by a subsequent statute, the limitation or the exercise of these new powers is not necessarily to be understood as accompanying

their bestowment. But the more satisfactory view of the subject, and that which has induced the court in repeated instances to grant injunctions in bankrupt cases instanter, and without notice, is that the restriction in the act of 1793 [1 Stat. 333] applies only to cases or suits pending in the supreme or circuit court. In these particular instances the injunction cannot issue without a previous notice to the adverse party, but the restriction does not apply where, as under the bankrupt act, a mere equity jurisdiction is created, and is conferred upon the district court in relation to matters pending in that court, and within its cognizance exclusively. I find that Judge Story has examined this subject at a later day, and has affirmed the construction this court had given the act in this respect. His reasoning upon the topic cannot be fortified by any remarks I could offer, and I shall content myself with reasserting the power as it has been exercised in this court since the bankrupt act went into operation, and adopting his opinion as a satisfactory indication of the practice. Carlton's Case [Case No. 2,-415]. Judge Judson, of the Connecticut district, pursues the like practice. Calender's Case [Id. 2,308]. Motion denied, with costs.